# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LDFS LLC, | No. CV-17-08046-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| IEC Group Incorporated, | |
| Defendant. | |

At issue is Defendant IEC Group Incorporated's (d/b/a Ameriben) Motion for Attorneys' Fees (Doc. 19), to which Plaintiff LDFS LLC (d/b/a U.S. Renal Care Flagstaff Dialysis) filed a Response (Doc. 20) and Defendant filed a Reply (Doc. 21). The Court granted Defendant's associated Motion to Submit Documents for *In-Camera* Review (Docs. 22, 23) and has reviewed the submitted documents.

## I.  BACKGROUND

The operative facts of this case are set forth in detail in the Court's Order (Doc. 17, Order) granting Defendant's Motion to Dismiss for Failure to Join a Necessary and Indispensable Party (Doc. 11), and rather than repeating those facts, the Court will incorporate that Order herein. Plaintiff brought two claims against Defendant, including one for breach of contract and one for bounced checks. Both claims arose out of the same nucleus of operative factual allegations Plaintiff made in its Complaint; the breach of contract claim sought damages for Defendant's alleged failure to pay Plaintiff the full amount of bills under a pricing agreement between them, and the bounced check claim

sought damages arising from two checks Defendant paid to Plaintiff under the agreement that bounced. The Court granted Defendant's Motion to Dismiss because a third party, the Tuba City Regional Healthcare Corporation ("TCRHCC"), provided the health care plan under which the subject payments were made and had the final authority to determine what payments were made, and thus TCRHCC was a necessary and indispensable party to the lawsuit. Because joining TCRHCC to the lawsuit would have destroyed the Court's diversity jurisdiction over this matter, the Court was required to dismiss Plaintiff's claims.

Defendant now moves for attorneys' fees under A.R.S. § 12-341.01.

## II. ANALYSIS

One of Plaintiff's two claims alleged breach of contract by Defendant, and Defendant prevailed on this claim by way of its Motion to Dismiss. Thus, under Arizona law, the Court may in its discretion award Defendant its reasonable attorneys' fees for prevailing on that claim, which "arises out of contract" within the meaning of § 12-341.01.

In determining whether the requirements of § 12-341.01 are met, the Court must consider whether 1) Plaintiff's claim was meritorious; 2) the litigation could have been avoided or settled and Defendant's efforts were completely superfluous in achieving that result; 3) assessing fees against Plaintiff would cause extreme hardship; 4) Defendant prevailed with respect to all the relief sought; 5) the legal question presented in the breach of contract claim was novel and whether such a claim had previously been adjudicated in Arizona; and 6) an award of attorneys' fees would discourage other parties with tenable claims or defenses from litigating legitimate contract issues for fear of incurring liability for substantial amounts. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).

Even though Plaintiff does not argue that Defendant is not entitled to an award of attorneys' fees under the statute, an evaluation of these factors leads the Court to conclude that Defendant has met them. Although most of the factors are neutral because

the merits of the breach of contract claim were not litigated, the Court finds that Defendant's efforts in this litigation were not superfluous and Defendant prevailed in the relief sought.

Plaintiff also does not challenge the reasonableness of the total amount of attorneys' fees sought by Defendant. A reasonableness determination ordinarily requires the Court to evaluate 1) the quality of the advocacy; 2) the character of the work; 3) the work actually performed; 4) the result; and 5) the reasonableness of the billing rate and hours reasonably expended. *Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983). The Court finds no basis on which to find Defendant has not met the reasonableness requirements.

The sole basis on which Plaintiff challenges Defendant's request is that Plaintiff only brought one breach of contract claim, and the other claim is not "inextricably interwoven" with the contract claim. Because Defendant failed to apportion its billing records between the contract claim and the bounced check claim, Plaintiff asks the Court to deny Defendant's request for attorneys' fees in its entirety.

The Court agrees with Defendant that almost all of Defendant's work in this case was not claim-dependent. Defendant moved to dismiss the lawsuit based on Plaintiff's failure to join an indispensable party, and that motion would have pertained with equal force even if Plaintiff had just brought a breach of contract claim. The Court cannot conclude that Defendant should have, or could have, apportioned its work when its arguments applied to both claims at the same time. In reviewing the record of this case, it is clear that any claim-dependent work Defendant did was, if anything, minimal. For this reason, the Court finds no merit to Plaintiff's argument. Because it was the only argument Plaintiff made to oppose the attorneys' fees award, the Court will in its discretion award Defendant its requested attorneys' fees under A.R.S. § 12-341.01. The Court also notes, however, that even if Defendant had been required to complete claim-dependent work in this matter, the bounced check claim did arise out of Defendant's alleged contractual obligation to pay Plaintiff under the pricing agreement.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Attorneys' Fees (Doc. 19).

**IT IS FURTHER ORDERED** that Plaintiff LDFS LLC (d/b/a U.S. Renal Care Flagstaff Dialysis) shall pay Defendant IEC Group Incorporated (d/b/a Ameriben) its reasonable attorneys' fees in the amount of $20,961.50.

**IT IS FURTHER ORDERED** that Defendant shall inform the Court by e-mail to chambers within seven days of the date of this Order if it would like the Court to return the documents it submitted for *in camera* review. (*See* Docs. 22, 23.) If not, the Court will destroy the documents.

Dated this 29th day of March, 2018.

Honorable John J. Tuchi
United States District Judge